IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROY MANDELL SMITH, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-61-WLS |
| | : | |
| Warden JACOB BEASLEY, | : | |
| Respondent. | : | |
| | : | |
| _____ | : | |

## ORDER

Before the Court is Petitioner's Motion for Leave to Appeal *In Forma Pauperis*. (Doc. 25). Therein, Petitioner, a *pro se* prisoner, requests to proceed *in forma pauperis* "on direct appeal" "to the U.S. Court of Appeals for the 11th Circuit" and that he has attached a copy of his account statement that shows he has a spendable amount of "$0.00" to prove that he is "indigent." (*Id.* at 1). For the following reasons, Plaintiff's motion is **DENIED**.

## RELEVANT PROCEDURAL HISTORY

In May of 2023, Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus. (Doc. 1). Soon after, Petitioner filed a Motion to Proceed *In Forma Pauperis* (Doc. 4), which was denied by the United States Magistrate Judge Thomas Q. Langstaff (Doc. 5), after discovering that Petitioner had submitted money orders for $450 for a civil rights complaint filed in the United States District Court for the Southern District of Georgia and such submission of funds well over the filing fee indicates that he can pre-pay the $5.00 filing fee for his habeas petition.

Thereafter, Judge Langstaff also entered an Order directing service and for Respondent to file a responsive pleading (Doc. 7), and entered an Order granting Petitioner's Motion to Amend (Doc. 12). Subsequently, Respondent filed a Motion to Dismiss Petitioner's Petitioner as Untimely (Doc. 15), and Judge Langstaff entered an Order notifying Petitioner of his right to respond (Doc. 17).

On February 27, 2024, Petitioner filed the instant Motion for Leave to Appeal *In Forma Pauperis* (Doc. 25), which merely states that he wishes to proceed *in forma pauperis* to appeal to the Eleventh Circuit. Upon review of his Motion (Doc. 25), it is unclear which Order(s), if any, Petitioner is seeking to appeal.[1] Moreover, Petitioner stated in the Motion (Doc. 25) that he attached a copy of his account statement that shows he has a "spendable amount" of $0.00; however, there is no attachment of any document or material to the Motion.

## **DISCUSSION**

For this Court to grant Plaintiff permission to appeal *in forma pauperis*, Plaintiff must make two showings. First, pursuant to Federal Rule of Appellate Procedure 24, the party seeking leave to appeal *in forma pauperis* must file a motion and affidavit that establishes his inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a). Second, the Motion must also withstand the requirements of 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that is not taken in good faith."

Here, the Court finds Petitioner failed to make these two showings, given that Petitioner's brief Motion (Doc. 25) does not make clear which issue or Order(s) he is seeking to appeal, does not include a statement as to why he is entitled to redress, and does not include an attachment to the affidavit that demonstrates his inability to pay fees and costs. Thus, the Court cannot grant Petitioner's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 25) without Petitioner meeting these requirements.

---

[1] Currently, Respondent's Motion to Dismiss Petitioner (Doc. 15), as well as other various motions such as Petitioner's "Motion for Leave to File Direct Appeal to the U.S. Supreme Court Chief Justice John Roberts" (Doc. 22), are still pending before Judge Langstaff. In addition to the fact that Petitioner's instant Motion for Leave to Appeal *In Forma Pauperis* (Doc. 25) does not make clear which issue or Order(s), if any, he is seeking to appeal, the Court notes that, based on review of the docket and Orders entered on the docket, it is unclear if any issue or Order(s) is currently reviewable by the Eleventh Circuit. The Eleventh Circuit has jurisdiction to review nonfinal orders in certain circumstances, such as when an order fits under the narrow "collateral order" doctrine" or when a nonfinal order grants an injunction, which none of the Orders entered in the instant case appears to constitute. *See James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246, 1252 (11th Cir. 2022).

## **CONCLUSION**

For aforementioned reasons, Petitioner's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 25) is **DENIED without prejudice**.

**SO ORDERED**, this 8th day of March, 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**