IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROY MANDELL SMITH,<br>Petitioner, | :<br>:<br>: |
| v. | :    CASE NO.: 7:23-CV-61-WLS |
| Warden JACOB BEASLEY,<br>Respondent.<br>_____ | :<br>:<br>:<br>:<br>: |

## **ORDER**

    Before the Court is United States Magistrate Judge Thomas Q. Langstaff's Order and Recommendation (Doc. 30), entered on April 4, 2024, regarding Respondent's Motion to Dismiss (Doc. 15) and Petitioner's Motion for Immediate Injunction Relief (Doc. 29).

## **RELEVANT BACKGROUND**

    On March 8, 2011, a Lowndes County jury found Petitioner guilty of three counts of aggravated assault, one count of burglary, four counts of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted felon. (Doc. 3, at 1). As a result, the Petitioner received a total sentence of 60 years imprisonment. (*Id.*)

    On February 14, 2014, the Court of Appeals of Georgia affirmed Petitioner's conviction and sentence. (Doc. 16-2). On May 26, 2015, a state habeas petition that Petitioner filed in January of 2014 was denied. (Doc. 16-4). On February 13, 2015, which is prior to Petitioner's first state habeas petition being denied, Petitioner filed a second state habeas petition, which was dismissed as successive on February 29, 2016. (Doc. 16-7). On November 22, 2016, Petitioner filed his third state habeas petition. (Doc. 16-8). On November 19, 2021, Petitioner filed a fourth state habeas petition. (Doc. 16-10).

    On March 31, 2022, Respondent Beasley filed a motion to dismiss Petitioner's fourth state habeas petition as untimely and successive. (Doc. 16-11). Respondent notes that the state court has not yet filed an order ruling on the motion to dismiss, but cites a document

1

provided by petitioner, which indicates that the state judge intends to enter an order that will grant Respondent's motion. (Docs. 3-1; 15-1). On May 31, 2023, Petitioner filed a federal habeas petition, challenging his Lowndes County convictions pursuant to 28 U.S.C § 2254. (Doc. 3, at 16).

On September 26, 2023, Respondent Beasley filed the instant Motion to Dismiss the Petition as Untimely (Doc. 15), arguing that Petitioner filed his federal habeas corpus petition in May of 2023 to challenge his 2011 Lowndes County convictions. (Doc. 15-1, at 3). Thereafter, on March 26, 2024, Petitioner filed the instant Motion for Immediate Injunction Relief (Doc. 29), asking the Court to order Respondent Beasley to process "emergence [sic] grievance" on another inmate who allegedly attacked Petitioner at prison.

## **DISCUSSION**

First, Judge Langstaff recommends that Respondent Beasley's Motion to Dismiss (Doc. 15) be granted. In making this recommendation, Judge Langstaff notes that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on federal habeas petitioners, which runs from the date on which the state court judgment of conviction became final by the conclusion of direct review with respect to the pertinent judgment or claim that is pending. (Doc. 30, at 3). Upon review of the record, Judge Langstaff found that Petitioner essentially had until March 28, 2018, to timely file a federal habeas petition; yet, Petitioner instead filed it on May 31, 2023, which was outside the AEDPA's one-year statute of limitations. (*Id.* at 3–4). Judge Langstaff also found that Petitioner has not shown reasonable diligence in pursuing his rights or some extraordinary circumstances that would make equitable tolling appropriate. (*Id.* at 5–6). Moreover, Judge Langstaff notes that Petitioner cannot satisfy the miscarriage of justice exception in this case to overcome the untimeliness procedural bar, especially since Petitioner makes no mention of a miscarriage of justice in his briefs. Therefore, Judge Langstaff recommends that Respondent's Motion to Dismiss (Doc. 15) be granted.

Second, Judge Langstaff recommends that Petitioner's Motion for Immediate Injunction Relief (Doc. 29) be denied. Therein, Petitioner contends that he is housed at Smith State Prison with "over sixty (60) violent inmates" and that an inmate attacked him. (Doc. 29, at 1–3). Petitioner also argues that Respondent did not discipline the inmate who

2

attacked him and failed to ensure prompt medical care for Petitioner. (*Id.* at 2–3). Thus, Petitioner requests the Court to order Respondent to "process" "emergence [sic] grievance" on the inmate who attacked him. (*Id.* at 3–4). Judge Langstaff notes that an inmate's challenge to the circumstances of his confinement, but not the validity of his conviction and/or sentence, must be properly raised in a civil action under § 1983. (Doc. 30, at 8). Judge Langstaff finds that Petitioner's allegations raise issues on the conditions of his confinement, not the lawfulness of the confinement. (*Id.* at 9). Thus, Judge Langstaff found that Petitioner's request for injunctive relief falls outside the scope of the habeas proceeding, and therefore, recommends that Petitioner's Motion (Doc. 29) be denied.

More than fourteen (14) days passed without any objections to the Recommendation (Doc. 30) being filed. Thus, the Court has reviewed the Recommendation (Doc. 30) and finds no plain error or manifest injustice therein.

## CONCLUSION

Upon full review and consideration of the record, the Court finds that the Order and Recommendation (Doc.30) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for reason of the findings made and reasons stated therein. Thus, Respondent's Motion to Dismiss (Doc. 15) is **GRANTED**, and Petitioner's Motion for Immediate Injunction Relief (Doc. 29) is **DENIED**. Accordingly, Petitioner's § 2254 Petition is **DISMISSED**.

**SO ORDERED**, this 26th day of April, 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**