IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROY MANDELL SMITH, | : |
| Petitioner, | : |
| | : NO. 7:23-CV-00061-WLS |
| VS. | : |
| Warden JACOB BEASLEY, | : |
| Respondent. | : |

## ORDER ON MOTION FOR RECONSIDERATION

*Pro se* Petitioner Roy Mandell Smith is a prisoner in Smith State Prison in Glennville, Georgia who is seeking relief through a habeas corpus petition under 28 U.S.C. § 2254. ECF No. 3. Petitioner challenges his 2011 conviction for three counts of aggravated assault, one count of burglary, four counts of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted felon from the Superior Court of Lowndes County, Georgia. *Id.* at 1. On September 26, 2023, the Respondent filed a motion to dismiss Petitioner's federal habeas application as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). ECF No. 15. On April 4, 2024, United States Magistrate Judge Thomas Q. Langstaff recommended to this Court that Respondent's motion to dismiss be granted. ECF No. 30.

On April 26, 2024, this Court reviewed the record in this case as well as the Magistrate Judge's Recommendation and adopted the same as the Order of the Court, thereby granting the Respondent's motion to dismiss Petitioner's application for habeas

relief. ECF No. 31. Judgment for the Respondent was entered on April 26, 2024. ECF No. 32. Now before the Court is Petitioner's "Motion to Reinstate Petitioners §2254 Federal Habeas Corpus Petition." ECF No. 35.

Petitioner does not indicate whether he seeks reconsideration of judgment in this civil action pursuant to Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60. Rule 59 provides that a motion to alter or amend judgment must be filed within "28 days after the entry of judgment." Fed. R. Civ. P. 59(e). At the time of the filing of Petitioner's motion for reconsideration, which as noted above was filed on December 9, 2024, this case had been closed for approximately seven months. Because Petitioner's motion is time-barred under Rule 59, the Court construes Petitioner's motion as being brought under Rule 60.[1] Under Rule 60(b),

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner has not shown that relief is warranted based on the

---

[1] Fed. R. Civ. P. 60(b)-(c)(1) provides that a motion for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (3) fraud" must be brought "[n]o more than a year after the entry of judgment."

existence of any of these factors. *See* ECF No. 35. In fact, Petitioner provides no legal grounds at all for reconsidering the judgment in this case but instead only relitigates his reasons that he seeks the overturning of his state court convictions. *Id.* Thus, to any extent Petitioner seeks to have the Court reopen or set aside judgment in this case, the motion is **DENIED.**

**SO ORDERED**, this 25th day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**